UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHEWANDA HUBBARD                                          CIVIL ACTION

VS.                                                                    NO. 2:17-cv-8125

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**COMPLAINT**

The Complaint of Shewanda Hubbard respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Shewanda Hubbard** of lawful age and a resident of New Orleans, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Lowe's Companies, Inc. and an insured participant of a group disability policy issued by Liberty Life Assurance Company of Boston.

4. Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Liberty Life Assurance Company of Boston is incorporated in Boston, Massachusetts, and its principal place of business is in the state of Massachusetts.

5. Liberty Life issued a group policy, No. GD3-850-275613-01, insuring the employees of Lowe's Companies, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff suffers from debilitating back pain caused by severe spinal degeneration, which has not improved despite attempts to surgically repair her spine.

9. Plaintiff is disabled under the terms of the disability policy issued by Liberty Life, as she is unable to perform her previous job duties or the duties of a suitable alternative occupation given the severity of her medical condition.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. Liberty Life unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

12. Plaintiff appealed the denial, but Liberty Life upheld its previous decision.

13. Liberty Life's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Liberty Life's denial of benefits.

15. Liberty Life has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. Liberty Life has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

17. Liberty Life has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation or in relation to the duties of alternative occupations.

18. Liberty Life administered Plaintiff's claim with an inherent and structural conflict of interest as Liberty Life is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Liberty Life's assets.

19. Liberty Life has failed to give the policy and Plan a uniform construction and interpretation.

20. Liberty Life abused its discretion in denying the appea by not consulting with a medical professional with expertise in Plaintiff's disability.

21. Liberty Life chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

22. As a routine business practice, Liberty Life uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

23. Liberty Life's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

24. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

25. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

26. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                Respectfully submitted,

                /s/ Reagan Toledano
                Reagan L. Toledano (La. 29687)(T.A.)
                James F. Willeford (La. 13485)
                Willeford & Toledano
                201 St. Charles Avenue, Suite 4208
                New Orleans, Louisiana 70170
                (504) 582-1286; (f) (313)692-5927
                rtoledano@willlefordlaw.com